**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: _____

ANDRES GOMEZ, on behalf of himself
and all those similarly situated,

        Plaintiff,

vs.

BURGER KING CORP.

        Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, ANDRES GOMEZ, on behalf of himself and all those similarly situated (hereinafter "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, BURGER KING CORP. (hereinafter "Defendant"), for injunctive relief pursuant to 42 U.S.C. §12181, et. seq. (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36, and alleges:

**JURISDICTION AND VENUE**

1. This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and §1343.

2. Venue lies in this Court pursuant to 28 U.S.C. §1391 and Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida, in that the

transaction or occurrence giving rise to this cause of action occurred in Miami-Dade County, Florida.

## THE PARTIES

3. At all times material hereto Plaintiff, ANDRES GOMEZ, was and is over the age of 18 years, *sui juris*, and a resident of Miami-Dade County, Florida.

4. At all times material hereto, Plaintiff has suffered from a "qualified disability" under the ADA; specifically, Plaintiff suffers from macular atrophy, rafraction amblyobia, vitreous detachment, and high myopia, as a result of which Plaintiff is severely visually impaired.

5. At all times material hereto, Defendant was and is a Florida corporation, headquartered and doing business in Miami-Dade County, Florida.

6. This action involves three Burger King restaurant locations; specifically, store No. 33, located at 1700 BISCAYNE BLVD., MIAMI, FL; store No. 41, located at 1309 NW 20TH STREET, MIAMI, FL; and store No. 7, located at 3051 CORAL WAY, MIAMI, FL (the "subject restaurants"). The subject restaurants are all Burger King restaurant locations providing goods and services to the general public and, upon information and belief, are all owned and operated by the Defendant.

7. Plaintiff is a regular visitor to all three of the subject restaurants. Plaintiff (like other visually impaired individuals) has developed a specific system to obtain full and equal access to soda fountains in restaurant establishments. Plaintiff (and other visually impaired individuals) has committed to memory the order of soda fountain flavors within the soda fountain machine. By committing the order of flavors to

memory, individuals with visual impairment have provided for themselves equal access to soda fountains. A visually impaired individual is able to put his or her hand on the spigot at either end of the machine, and to feel his or her way to the spigot that dispenses the desired soda flavor. In this way, soda fountains comply with the ADA, because there is a method by which visually impaired individuals can have equal access.

8. This is an unusual case, in which a major corporation (the Defendant), has undertaken a campaign to boost sales, which involves removal of ADA compliant hardware, and replacement of that hardware with a system that discriminates against and excludes the visually impaired. Specifically, Defendant has put into place a policy of replacing all accessible soda fountains with what is known as the "Coca-Cola Freestyle" machine (the "Freestyle").

9. The Freestyle is a touchscreen type machine which provides users a large number of soda flavor options, and offers dozens of flavors to restaurant customers. However, because it is a touchscreen, the Freestyle cannot be used by visually impaired restaurant customers. Accordingly, in the interest of boosting sales, the Defendant has made a decision to replace ADA accessible hardware, which provided access and usability to individuals who are unable to see the machine, with a machine that completely excludes the visually impaired, who now find themselves unable to use soda dispensing machines at the Defendant's restaurant locations.

10. This is a case in which a sophisticated corporate Defendant has made a deliberate decision to remove hardware that allowed for access by the visually impaired, and to

replace it with hardware which excludes the visually impaired. Moreover, Defendant has put into place absolutely no policies or procedures (at least none that are made known to visually impaired customers, and which are therefore of no use) which might somehow provide fair and equal access to the Freestyle by visually impaired customers. Accordingly, whereas the subject restaurants used to be accessible in this regard, they have intentionally made themselves inaccessible, intentionally bringing themselves into violation of the ADA.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

11. Plaintiff re-avers and re-alleges the allegations set forth in Paragraphs 1 through 7 above, as though fully set forth herein.

12. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

13. Congress specifically found, *inter alia*, that:[1]

    (i)   Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii)  Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

---

[1] 42 U.S.C. § 12101(a)(1) - (3), (5), and (9).

    (iii)    Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    (iv)    Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

    (v)    The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

14. Congress explicitly set forth the purpose of the ADA; to wit:[2]

    (i)    Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

---

[2] 42 U.S.C. § 12101(b)(1)(2) and (4).

      (iii)    Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

15. The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less).[3]

16. The subject restaurants are a public accommodation and service establishments.

17. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

18. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if defendant has 10 or fewer employees and gross receipts of $500,000 or less).[5]

19. The subject restaurants are legally required to be, ***but are not***, in compliance with the ADA and ADAAG.

20. Plaintiff has attempted to access the subject restaurants, but was precluded from fully, properly, and equally accessing the subject restaurants because of his visual

---

[3] 42 U.S.C. §12181; 28 C.F.R. § 36.508(a).
[4] 29 C.F.R. Part 36.
[5] 42 U.S.C. § 12181, *et seq.*, and 28 C.F.R. § 36.508(a).

impairments; specifically, whereas Plaintiff use to have access to soda fountain machines at the subject restaurants, Plaintiff has now been excluded from such access by installation of the Freestyle.

21. Plaintiff is a regular visitor to the subject restaurants, and intends to visit the subject restaurants on a continuing basis, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the subject restaurants, including the soda dispensing accommodations; however, in light of his visual impairment, unless and until the subject restaurants are made to comply with the ADA, Plaintiff will remain unable to fully, properly and safely access the subject restaurants and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

22. As a result of the foregoing, Defendant has discriminated against Plaintiff and all others with visual impairment, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject restaurants. Defendant's discrimination is specifically prohibited by the ADA.

23. Moreover, Defendant will continue to discriminate against Plaintiff and all others with visual impairments unless and until it is compelled by this Court to remove the Freestyle from all of its restaurant locations, and re-install ADA compliant hardware which had previously been located in those restaurants and/or to put into place such policies and procedures as Defendant might devise so as to provide full, equal and fair access to the Freestyle to individuals who are visually impaired.

24. Moreover, during the course of discovery in this case, Plaintiff intends to have an ADA expert conduct an inspection of the subject restaurants pursuant to Federal Rule of Civil Procedure 34(a)(2), so as to identify each and every ADA violation applicable to individuals with visual impairment that are present at the subject restaurants.

25. Unless and until the Defendant is ordered and compelled to amend its policies and procedures in order to make available software needed by the visually impaired to access soda dispensing hardware, and to otherwise comply with the ADA, Plaintiff expects to be discriminated against, by Defendant, in the future.

26. Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the ADA violations that exist upon the subject restaurants, including but not limited to those set forth herein.

27. This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order requiring alteration and modification of the subject restaurants so as to make them readily accessible to and useable by individuals with disabilities to the extent required by ADA and ADAAG.

28. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorney's fees, costs, and litigation expenses, all of which are recoverable from the Defendant.[6]

---

[6] 42 U.S.C. §§12205, 12117.

**WHEREFORE,** Plaintiff, Andres Gomez, respectfully requests that this Court enter an order granting permanent injunctive relief, enjoining Defendant from continuing its discriminatory practices and procedures, including but not limited to and injunction requiring Plaintiff to either replace all the Freestyle soda dispensing machines with the previously installed accessible hardware and/or instituting policies and procedures which provide complete equal and fair access to the Freestyle machines for individuals with visual impairment (to the extent this Court finds such policies and procedures could be devised), and awarding all such other relief as is deemed just and equitable under the circumstances.

Dated this 7th day of May, 2012

                              Respectfully Submitted,

                              **LAW OFFICES OF NOLAN KLEIN, P.A.**
Harrison Executive Centre
1930 Harrison Street, Suite 502
Hollywood, Florida 33020
(954) 372-0985; (305) 397-1924FAX

By: s/ Nolan K. Klein
NOLAN K. KLEIN
Florida Bar No. 647977

9