IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:12-CV-21718-UU

ANDRES GOMEZ,

       Plaintiff,

vs.

BURGER KING CORP.

       Defendant.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Andres Gomez ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56 and Southern District Local Rules 7.1 and 7.5, hereby files the following Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, and states:

    **I.**    **Background**

Plaintiff is a visually impaired individual, suffering from macular atrophy, rafraction amblyobia, vitreous detachment, and high myopia. *See Plaintiff's Statement of Material Facts [DE #13].* Defendant, Burger King Corporation ("Burger King") owns and/or operates numerous Burger King restaurant locations, including restaurants located at 1700 Biscayne Blvd., 1309 NW 20th St., and 3051 Coral Way Dr. in Miami, Florida (the "Subject Restaurants"). *[DE #13].* Plaintiff has been a regular customer at the Subject Restaurants for a number of years, and intends to continue patronizing the Subject Restaurants into the future. *[DE #13].* The soda-fountain machines at the Subject Restaurants had always been accessible to Plaintiff and other visually impaired individuals; specifically, Plaintiff had committed to memory the order of soda flavors within the Burger King

1

soda fountain machines and, using his hands to feel the spigot locations, Plaintiff could identify and dispense the desired beverage. *[DE #13].* In early 2012, Burger King replaced its soda fountain machines with a machine known as the Coca-Cola Freestyle machine (the "Freestyle"). *[DE #13].* The Freestyle operates by touchscreen and is inaccessible to persons like Plaintiff, who cannot see the screen. *[DE #13].* Whereas Plaintiff (and others with visual impairments) used to have access to Burger King's beverage dispensing equipment, that access has now been taken away from them. *[DE #13].*

## II.   Memorandum of Law

### a.   Standard of Review

The Federal Rules of Civil procedure allow for summary judgment where record evidence shows there to be "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56 (c).* The purpose of a summary judgment motion is to isolate and terminate all claims and defenses that are factually unsupported. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The movant forces the opponent to come forward with at least one sworn statement of specific facts that is essential to its defense before the parties must engage in time-consuming litigation. Lujan v. National Wildlife Fed'n, 497 U.S. 87 (1990). A mere scintilla of evidence, self-supporting evidence, and evidence that is not admissible at trial is not enough to defeat summary judgment. Anderson v. Libby Liberty Lobby, Inc., 477 U.S. 242 (1986). Issues of material fact cannot be created by conclusory allegations. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Evidence that is merely colorable or not significantly probative will not defeat summary judgment. Young v. General Foods Corp., 840 F.2d 825, 828 (11th Cir. 1988).

b.      **Title III of the Americans with Disabilities Act**

Title III of the ADA mandates that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."[1] Places of public accommodation are defined to include restaurants,[2] and disability is defined to include visual impairment.[3] The ADA is remedial in nature[4] and should therefore to be liberally construed to effectuate its purpose, *See, e.g.,* Tcherepnin v. Knight, 389 U.S. 332 at 336 (1967). In a private action to enforce Title III of the ADA (such as this case), the Court is to provide injunctive relief to make facilities readily accessible to and useable by individuals with disabilities. *42 U.S.C. §12188(a)(1) and (2).*

In the case at bar, Plaintiff is visually impaired and therefore disabled for purposes of the ADA. Burger King is a restaurant and therefore a place of public accommodation for purposes of the ADA. It is undisputed that Burger King had accessible beverage dispensing equipment, but decided to replace that equipment with inaccessible machines. It is undisputed that Burger King's new equipment denies Plaintiff (and other visually impaired individuals) equal access to goods, services, facilities, privileges, advantages, and accommodations offered to the public at the Subject Restaurants. As a matter of law, Plaintiff is entitled to injunctive relief, requiring that Burger King's new soda dispensing equipment be made accessible to and useable by Plaintiff and others visually impaired individuals.

---

[1] *42 U.S.C. §12182(a)*
[2] *42 U.S.C. §12181(7)(B)*
[3] The ADA defines a "disability" as an impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(2). "Major life activities" are defined to include "seeing." 45 C.F.R. § 84.3(j)(2)(ii); 28 C.F.R. § 41.31(b)(2).
[4] S*ee, e.g.,* Webb v. Garelick Mfg Co., 94 F.3d 484 at 487 (8th Cir. 1996).

    c.  **Defendant's Affirmative Defenses** [5]

Defendant has set forth seven boilerplate affirmative defenses, asserting legal conclusions without any factual basis or explanation for their assertion. Those defenses are as follows:

1. **Defendant's restaurant complies with all ADAAG standards.**

   This defense is inapplicable to the facts of this case. The ADAAG has no provision relating to soda dispensing machines. More importantly, the Freestyle machine has none of the accessibility features mandated by the ADAAG with respect similar self-service machines. *See, e.g.,* 2010 Standards for Accessible Design at Paragraph 707.5 (requiring that machines used for "dispensing coupons, selling theater tickets, or providing copies of monthly statements" be speech enabled).

2. **Defendant provides equivalent facilities giving Plaintiff equal or greater access to the subject facilities.**

   This defense is completely boilerplate and utterly inapplicable. There are no accessible equivalents to the Freestyle machine provided at the Subject Restaurants. *DE #13*. Moreover, Burger King has intentionally removed accessible machines and replaced them with inaccessible machines. *DE #13*. It is unconscionable to allege that Plaintiff has been given equal "or greater" access.

3. **Plaintiff is complaining of "de minimus" violations that do not impair his access to the restaurant facilities.**

   This defense is inapplicable and boilerplate. Access to soda machines at the Subject Restaurants has been taken away from visually impaired individuals in a deliberate

---

[5] Pursuant to Local Rule 7.1, Plaintiff has provided Defendant with proposed a Motion to Strike Affirmative Defenses, and is currently waiting to hear whether Defendant will agree that its defenses should be stricken for, *inter alia*, failure to put Plaintiff on notice of any factual basis for their assertion.

manner. *DE #13*.  It is unconscionable to allege that Plaintiff's access has not been impaired.

4. **Plaintiff's claims are barred because the modification Plaintiff seeks is not an "alteration" within the meaning of the ADA and/or it does not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the cost of the entire "alteration."**

Prior to early 2012, Defendant had accessible equipment in place. To remain accessible Defendants had only to do nothing, which would have cost no money. Having elected to remove accessible elements, Defendants cannot be heard to complain that it is costly to restore the very accessibility that they themselves destroyed.

5. **Defendant has made a good faith effort to comply with the ADA, including by providing alternate access.**

In this case, Defendants not only fail to provide alternate access, but in fact deliberately removed accessible equipment. *DE #13*.  There is no possible good faith basis for this defense.

6. **Plaintiff claims are moot.**

This is a boilerplate defense, and there is no basis for its assertion. Defendants have not set forth any factual allegation (much less any evidence) demonstrating that the Freestyle machines have been altered to come into compliance with Section 707 of the 2010 Guidelines for Accessible Design, or have otherwise been altered to be accessible to the visually impaired. There is no factual basis for alleging that Plaintiff's claim is moot.

7. **Plaintiff lacks standing.**

This is a boilerplate defense, and there is no basis for its assertion. Plaintiff has testified that he is a frequent customer at the Subject Restaurants, intends to continue patronizing the Subject Restaurants, is visually impaired, and is being denied fair and equal access to the Subject Restaurants. Plaintiff has thus plainly established an active controversy, and has standing to bring this lawsuit.

Not a single one of Defendant's factually unsupported boilerplate affirmative defenses has any basis in fact or law. Defendant cannot avoid summary judgment in this exceedingly simple case by setting forth rote and inapplicable defenses.

### III.   Conclusion

A specific motivation for passage of the Americans with Disabilities, as articulated by the United States Congress, was that disabled individuals "continually encounter various forms of discrimination, including outright intentional exclusion . . . and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities" *42 U.S.C. 12101 (a) (5).* This case presents precisely the sort of conduct meant to be remedied. By its intentional conduct, Burger King has excluded the visually impaired from services previously available to them. Burger King had equal access in place, but elected to remove that access, relegating the visually impaired to lesser services. Burger King's switch to inaccessible machinery is exactly the conduct barred by the Americans with Disabilities Act, and Plaintiff is entitled to immediate injunctive relief, requiring that Burger King come into compliance with Federal law by making its current machinery accessible to visually impaired individuals.

WHEREFORE, for the foregoing reasons, Plaintiff, Andres Gomez, respectfully requests that this Court enter Final Judgment in his favor, imposing a permanent injunction upon

Defendant, requiring that all soda dispensing equipment be made equally and readily accessible to Plaintiff, and entering all such other relief as is deemed just and equitable under the circumstances presented.

        Respectfully Submitted,

        **LAW OFFICES OF NOLAN KLEIN, P.A.**
        Attorneys for Plaintiff
        Harrison Executive Centre
        1930 Harrison St., Ste. 502
        Hollywood, Florida 33020
        (305) 351-0625
        (305) 397-1924 FAX

        By: s/Nolan K. Klein_____
        **NOLAN K. KLEIN**
        Florida Bar No. 647977

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this 27th day of June, 2012.

        By: s/ Nolan K. Klein_____
        **NOLAN K. KLEIN**